## AGREEMENTS AS TO SALE OF LAND NOT WITHIN THE STATUTE OF FRAUDS.

Circuit Court of Cuyahoga County.

WILLIAM F. SAUER ET AL V. THE WALTON REALTY COMPANY.

Decided, May 24, 1909.

*Land Contracts—Modification, When Not Subject to Statute of Frauds.*

When a contract for the sale of land has been properly executed in
writing, subsequent agreements between the vendor and vendee,
as to the pecuniary liabilities growing out of the transaction, which
do not take away or confer any interest in the land, but only de-
termine the time when the purchase money becomes due, are not
affected by the statute of frauds.

*George C. Hafley,* for plaintiff in error.
*W. B. Beebe,* contra.

HENRY, J.; MARVIN, J., concurs.

The relation of the parties here is the reverse of that in the
court of common pleas. The petition in error prays for a re-
versal of the order of that court appointing a receiver in an
action to foreclose a land contract. The petition below alleges
default in payment of installments of the purchase price stipu-
lated in the written agreement between the parties. At the out-
set of the case below, plaintiff moved for the appointment of a
receiver, but before this motion was acted upon, the defendant
interposed an answer, alleging among other things that the pro-
visions of the written agreement, in regard to the times of pay-
ment and amounts of installments, had been modified by subse-
quent oral agreement between the parties, in accordance with
which the defendants had paid or tendered all installments of
the purchase price as they fell due. No reply was filed, but the
court upon hearing the motion for good cause shown granted the
same, and appointed a receiver.

No bill of exceptions is presented here by which the finding of
fact, as to good cause shown, can be reviewed. But in the absence
of a reply the fact stood admitted, that the defendants below

were not in default under the modified agreement as set out in the answer (*Beach on Receivers*, 151). The sole question, then, for our consideration, is one of law, namely: Whether or not, under our statute of frauds, a contract in writing for the sale of land may be subsequently modified in the manner already described, by oral agreement. The answer does not allege that in consideration of the promise of the defendants below to pay monthly installments of $25 instead of $20 their obligation to make a certain stipulated payment of $200 at a time named, had been waived by the plaintiff below.

Counsel have cited many authorities, chiefly from another jurisdiction, but they seem to have overlooked the case of *Negley v. Jeffers*, 28 Ohio St., 90, which appears to us to be decisive of the matter in this jurisdiction. Paragraph 6 of the syllabus of that case is as follows:

"When a deed to real estate has been *executed*, or *title* in any other way passed, subsequent agreements between vendor and vendee, as to the pecuniary liabilities growing out of the transaction which do not take away or confer any interest in the land, but only determine the time when the purchase money becomes due, are not affected by the statute of frauds."

A deed there was in escrow pending fulfillment of certain conditions, some of which were waived by parol

Title had passed in that case, only in the sense in which it has passed here.

The new basis of payment here was acted upon so far as to estop the plaintiff to claim that the oral modification, if made, is invalid, because not to be wholly performed within one year.

It thus appears that the answer in this case presents a valid defense, and so long as it stood undenied by reply, the court below was vested with no power or discretion to appoint a receiver in aid of the foreclosure.

The judgment of the court of common pleas is reversed and the cause remanded.